UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RODNEY CANADA )
    PETITIONER, )
)
)
V )
) CASE NO: CR00169(JCH)
)
)
UNITED STATES OF AMERICA )
    RESPONDANT. )
)

MOTION REQUESTING THE MODIFICATION
OF TEM OF IMPRISONMENT PURSUANT TO
18 U.S.C. 3582(c)(2) and SECT.3553(a)

NOW COMES RODNEY CANADA acting pro-se(hereafter reffered to as "Petitioner"), seeking relief from this Honarable District Court, Pursuant to 18 U.S.C. sect. 3582(c)(2) and 3553(a) to modify term of imprisonment. Additionally petitioner moves this Court to accept this motion pursuant to Haines v. Kerner, 404 U.S. 519, 30 L. Ed 2d 652, 92 S. Ct. 592 (1972). Holding that pro-se litigants are held to less stringent standards than lawyers.

## JURISDICTION

This Hoarable Court has juridiction under this statute 18 U.S.C. sect. 3582(c)(2) which reads: In case of a defendant who has been sentenced to a term of imprisonment based on the sentencing range that has subsequently been lowered by sentencing commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the director of the Bureau of Prisons, or on it's own motion, the Court may reduce the term of imprisonment after considering the factors set fourth in sect. 3553(a) to the extent that they are applicaple, if such a reduction is consistent with applicable policy statements issued by the sentencing commission.

## STATEMENT OF FACTS

The petitioner was found guilty on May 30, 2000 for violation of Title 21 U.S. code, section 841(a)(1) and was held until sentenced to 140 months by the Federal District Court. Since the petitioner's sentence, the guidelines have been amended to where the petitioner would have a lower category and base offense level.

## ARGUEMENT

In United States v. Coleman, W.D. M.D. 1997, 958 F. supp. 452, it was held that, "life sentence in drug case, that was mandated by earlier sentence guideline, was subjected to modification." Also see: UnitedStates v Armstrong, C.A. 11(ALA)2003, 347 F.3d 905, where it was held that; "for a sentence to be reduced retroactively under statutory subsection provideing for modification of an imposed term of imprisonment a Court must determine whether, there has been an Amendment to the sentencing guidelines that lowered the guidelines applicaple to that sentence, and listed under guideline policy statement regarding reduction in the term of imprisonment as a result of amended guideline range.

In this matter, the language of the sentencing commission's amendment was made clear in the new provision that reduces base offense levels for "cocaine base" by two levels, a violation of 21 U.S.C. 846. Under UNITED STATES V BOOKER, this district Court has the discretion to resentence defendant under the new sentencing commission's guideline which stipulates that the crack laws have been changed and made retroactive subsequent to November 1, 2007.

THEREFORE, the District Court should use it's authority to resentence petitioner based on thAmendment showing the guidelines of "cocaine base" being lowered. It would be fair, based on the foregoing in the interest of prevailing change in "crack laws", to reduce the petitioner's term of imprisonment, considering the factors set fourth in section 3553(a).

Petitioner delares under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

Rodney Canada #13948-014
USP Canaan
Waymart, Pa. 18472

CERTIFICATE OF SERVICE

I hereby certify that I have caused atrue copy of the foregoing to be seved upon the OFFICE OF THE CLERK OF THE DISTRICT OF CONNECTICUT, 915 Lafayette Boulevard Bridgeport Ct. 06604, by mailing prepaid on this 3rd day of March, 2008.

Rodney Canada