UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:00CR169 (JCH) |
| | : | |
| RODNEY CANADA | : | April 4, 2008 |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
REQUEST FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

On May 9, 2001, the defendant, Rodney Canada, was sentenced to 140 months' incarceration as a career offender.  On March 11, 2008, the defendant moved to have his term of imprisonment reduced based upon the changes to the crack cocaine guidelines, which were passed by the Sentencing Commission on November 1, 2007.  The Government opposes an amended judgment or altering the defendant's incarceration term.  In this case, the defendant was a career offender and faced a guideline incarceration range of 262-327 months.  The Court downwardly departed under U.S.S.G. § 4A1.3 to an offense level of 29 and a criminal history category of V, with a corresponding imprisonment range of 140 to 175 months.   The Court then imposed a 140 month sentence.  Because the career offender guidelines are not driven by the crack cocaine guidelines, the defendant does not benefit  from the November 1, 2007 amendments to the crack cocaine guidelines and thus no sentence reduction is permitted.

I.     **BACKGROUND**

On August 3, 2000, the defendant pled guilty to a one count information, charging him with possession with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  With the guilty plea, the defendant faced a mandatory minimum sentence of 10 years. The Government did not file a notice under 21 U.S.C. § 851, which would have subjected the

defendant to mandatory life imprisonment.   The PSR reflected that the defendant (then 23 years old) had been a street level drug dealer since the age of 16.   Prior to the instant offense, he had two prior state convictions for narcotics sales and another for assault and had five additional pending state charges, including assault, at the time of his guilty plea in federal court.  He had also admitted to a history of drug abuse, including what appeared to be a dangerous addiction to PCP.    At the time of his arrest, he had cocaine base on his person and sale quantities in his home, along with various drug paraphernalia.

At sentencing on May 21, 2001, the parties, the PSR and the Court all agreed that the defendant was a career offender, subject to a base offense level of 37 under the guidelines, a total offense level of 34 (after credit for acceptance of responsibility), and a criminal history category of VI, which would implicate a guidelines sentencing range of 262 to 327 months.    The Court downwardly departed to a criminal history category of V, a total offense level of 29 and a corresponding guidelines sentencing range of 140  to 175 months, asserting that the career offender guidelines significantly over-represented the seriousness of the defendant's criminal history or the likelihood that the defendant would commit further crimes.    The Court ultimately imposed a sentence of 140 months.   The downward departure happened to coincide with the applicable sentence had the defendant been sentenced simply on the offense conduct and the defendant's criminal history category without giving weight to the defendant's status as a career offender, a label aptly supported by his six year history of drug dealing.

## II.   DISCUSSION

### A.   Legal Framework

Section 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority and articulated the proper procedure for implementing the amendment in a concluded case.[1]  On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c).  *See* U.S.S.G. App. C, Amend. 712.  Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

(1)    In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides:  "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  *See, e.g.*, *United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997); *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995); *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004); *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996); *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994); *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997); *United States v. Cueto*, 9 F.3d 1438, 1441 (9th Cir. 1993); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993); *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).

Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

(A) none of the amendments listed in subsection (c) is applicable to the defendant; or

(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which substituted reduced base offense levels for most crack offenses in the relevant section of 2D1.1.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713. *Id.* In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. *See* U.S.S.G., Supplement to App. C, Amend. 706. Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

4

amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.

### B. The Guidelines Reduction Not Applicable Here

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may *only* be reduced when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Further, under the statute, a reduction is allowed only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

In its revisions to Section 1B1.10, the Commission, consistent with the statutory directive to apply § 3582, made clear that a sentence reduction was not consistent with the Commission's

policy statement and *"therefore is not authorized under 18 U.S.C. § 3582(c)(2)"* if the specific amendment was not applicable to the defendant or a retroactive amendment did not result in lowering the applicable sentencing range for the defendant.   U.S.S.G. § 1B1.10 (a)(2) (emphasis added).

.       Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur.  *See*, *e.g.*, *United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); *United States v. Allison*, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); *United States v. Dorrough*, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); *United States v. Armstrong*, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); *United States v. Young*, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

6

In this case, the defendant's guideline calculation is not based on the guidelines section retroactively altered by Amendment 706. Under the version of Section 2D1.1 in effect at the time of sentencing, absent his status as a career offender, the defendant's base offense level for the crack offense would have been 32; that would be reduced to 30 pursuant to Amendment 706. However, the defendant was a career offender, based on his prior convictions for other drug sale offenses, and accordingly his base offense level was increased to 37 pursuant to Section 4B1.1. <u>That enhancement is unaffected by Amendment 706, and the defendant's guidelines offense level remains exactly what it was at the time of sentencing</u>. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10 (b)(1). Accordingly, the defendant may not receive any relief under Section 1B1.10. Courts which have addressed the career offender scenario are unanimous in so holding. *See, e.g.*, *United States v. LaFrance*, 2008 WL 447548 (D. Me. Feb. 19, 2008); *United States v. Pizarro*, 2008 WL 351581 (D.N.H. Feb. 8, 2008); *United States v. Turner*, 2008 WL 276581 (W.D. Ark. Jan. 30, 2008).

## III.    <u>CONCLUSION</u>

Because the new crack guidelines do not lower the defendant's guideline calculation, he is

not entitled to a sentence reduction under 18 U.S.C. § 3582(c).

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


BY:    RAHUL KALE
ASSISTANT U.S. ATTORNEY
Federal Bar No. PHV02526

FOR:   CHRISTOPHER W. SCHMEISSER
SENIOR LITIGATION COUNSEL
Federal Bar No. CT14806
157 Church Street, 23rd Floor
New Haven, CT  06510
Tel.: (203) 821-3754
Fax: (203) 773-5378
christopher.schmeisser@usdoj.gov

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2008, I caused a copy of the foregoing to be sent

by first-class mail, postage prepaid, to the following:

> Rodney Canada
> #13948-014
> USP Canaan
> Waymart PA 18472
>
> Joseph Zampano
> United States Probation Officer
> United States Probation Office
> 915 Lafayette Blvd.
> Bridgeport, CT 06604


BY:   RAHUL KALE
      ASSISTANT U.S. ATTORNEY

_____

FOR:   CHRISTOPHER W. SCHMEISSER
       SENIOR LITIGATION COUNSEL