UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2008 APR 30 P 1:35

U.S. DISTRICT COURT
BRIDGEPORT. CONN

| | | |
|---|---|---|
| RODNEY CANADA | : | |
| (petitioner) | : | |
| | : | |
| v. | : | Criminal No. 3:00-cr-169(JCH) |
| | : | |
| | : | |
| | : | |
| UNITED STATES | : | |
| (defendant) | : | |
| | : | |

---

**PETITIONER'S RESPONSE TO GOVERNMENT'S MOTION IN
OPPOSITION FOR REQUEST FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. §3582(C)(2) AND ORDER TO SHOW CAUSE**

---

ON May 9, 2001, the petitioner, Rodney Canada, was sentenced to 140 months incarceration as a career offender. On March 11, 2008, the petitioner moved to have his term of imprisonment reduced based upon the changes to the crack cocaine guidelines, which were passed by the sentencing commission on November 1, 2007. In this case, the petitioner was a career offender and faced a guideline incarceration range of 262-327 months. The Court downwardly departed under U.S.S.G. §4A1.3 to an offense level of 29 and a criminal history category of V, with a corresponding imprisonment range of 140 to 175 months. The Court then imposed a 140 month Sentence.

## I. BACKGROUND

On August 3, 2000, Rodney Canada, pled guilty to a one court information, charging him with possession with intent to distribute in excess of 50 grams of cocaine base, in violation of **21 U.S.C. §841 (a)(1)**. The PSR reflected that the defendant (then 23 years old) had been a street level drug dealer since the age of 16. Prior to the instant offense, he had two prior state convictions for narcotics sales and another for assault and had pending state charges. He had also admitted to a history of drug abuse, including what appeared to

be a dangerous addition to PCP. At the time of his arrest, he had cocaine base on his person and small quantities in his home, along with various drug paraphernalia.

At Sentencing on May 21, 2001, the parties, the PSR and the Court all agreed that the defendant was a career offender, subject to a base offense level of 37 under the guidelines, a total offense level of 34 (after credit for acceptance of responsibility), and a criminal history category of VI, which would implicate a guidelines sentencing range of 262 to 327 months. The Court downwardly departed to a criminal history category of V, a total offense level of 29 and a corresponding guidelines sentencing range 140 to 175 months, asserting that the career offender guidelines significantly over-represented the seriousness of the defendant's criminal history or the likelihood that the defendant would commit further crimes. The Court ultimately imposed a sentence of 140 months.

## II.  JURISDICTIONAL STATEMENT

Section **3582(c)(2)** provides that a "**modification**" of an imposed term of "**imprisonment**" is permissible for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered...if such reduction is consistent with applicable policy statement provides as follows:

> **Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guideline Manual listed in Subsection (c) below, a reduction in the defendant's term of imprisonment is authorized.**

**A) ARGUMENT**

## A REDUCTION IS APPLICABLE AND ALLOWED BY THE
## COURTS BROAD DISCRETIONARY POWERS

The Supreme Court in **United States v. Kimbrough 128 S.ct. 558, 169 L.Ed. 2D 481 (2007)**, Held that the Federal Guidelines on sentencing for cocaine violations are advisory only, rejecting a lower courts ruling that they are effectively mandatory. "Judges must consider the Guideline range for a cocaine violation, but may conclude that they are to harsh when considering the disparity between punishment for crack cocaine and cocaine in powder form. At petitioner's original sentencing, the Court, recognized that the offense conduct overrepresented "The seriousness of the defendant's criminal history or the likelihood that the defendant would commit further crimes." **(see. Government Opposition brief pg.2)**.

The Supreme Courts decision in Kimbrough, has exposed a clear example of a pattern of, "tyranny which is exercised under cover of law, and with the colors of justice." **United States v. Jannottie, 673 F.2d 578, 614(3ʳᵈ cir. 1982)**. After decisions in Booker and Kimbrough, the Supreme Court has restored the power and force of law to the Justices of the District Courts, to exercise broad discretionary powers in sentencing. The Government in it's Opposition brief attempts to continue the practice of "One Size Fits All Law." The Supreme Court in a number of decisions over the last two decades, have disagreed, for example in; **Muholland v.United States, Ring v. Arizona, Apprendi v. New Jersey, Blakely v. Washington, Booker v. United States 543 U.S. 220 (2005)**, and even in his dissent of Kimbrough, Justice Thomas expressed, **"The Court is now confronted with a host of questions about how to administer a sentencing scheme that has no basis in the statute**."

Since the enactment of the guidelines the Government has practiced <u>Ad</u> <u>Nauseam</u>, a reign of how many bodies can be added to

their application of Justice. "The function of the prosecutor under the Federal Constitution is 'not' to tack as many skins of victims as possible to the wall. Their Function is to vindicate the right of people as expressed in the laws and give those accused of a crime a fair trial." **Donnelly v. DeChristofona, 416 U.S. 637, 648-49, 40 LEd. 2D 431, 440, 94 S.Ct.** (emphasis added).

The Framers intended for the Justices of this Republic to be impartial breakers and intermediaries, between the Accused and the Government, between Justice and Injustice, of a living and ever evolving system of law. This Honorable Court exercised it powers given to them by the Framers and as reiterated by the Supreme Court. The Career Offender severely overrepresented the petitioners criminal history as recognized by the court, therefore, Petitioner was not given the career offender enhancement. In it's Opposition brief the Government seems to imply that the Court failed to give significant weight to the policy decision embodied in the Guidelines at Petitioners Sentencing in 2001. Instead The Government asserts Petitioners sentence "happened to coincide with the applicable sentence had the defendant been sentenced simply on the offense conduct and defendants criminal history category without giving weight to the defendants status as a career offender." **(see. Opposition brief pg. 2)** The underlying pattern here is the Government's failure to comply with this Honorable Courts discretion.

Since **Booker** the Sentencing Guidelines were deemed to be advisory by the excising of §3553(b), (which no longer bound the Courts hands in a mandatory sentencing regime). As reinforced in **Kimbrough**, allowing Justices to use their discretion and consider several factors in sentencing. It is clear this Honorable Court was well ahead of the curve in the interpretation of the Framers intent in exercising this power.

Nothing in the statutory language requires that the guideline amendment actually have the effect of lowering a defendant's guideline range before the sentencing court can revisit the sentence.

Rather, the statute requires that the defendant's sentence was "based on" a sentencing range that has subsequently been lowered. See, e.g., **United States v. LaBonte, 70 F.3d 1396, 1412 (1ˢᵗ Cir. 1995)** (rejecting government's argument that §3582(c)(2) resentencing is inappropriate where defendant's original sentence falls within the amended guideline range because "we cannot be confident that, faced with a different range of options, the district court's choice will remain the same")(**overruled on other grounds 520 U.S. 751 (1997)**). All crack sentences were "based on" the crack guideline's sentencing ranges because those ranges represented the starting point of every sentencing pre- and post-Booker, even if the defendant was ultimately sentenced under §§**4B1.1 or 4B1.4 see. Gall 128 S.Ct. At 596** ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range...the Guideline should be the starting point and the initial benchmark. They are not the only consideration, however...[T]he judge should then consider all of the **§3553(a)** factors to determine whether they support the sentence requested by a party.") (emphasis added).

In addition, **§3582(c)(2)** requires sentencing courts to consider all applicable **§3553(a)** factors. The Supreme Court recently said that "the extent of the difference between a particular sentence and the recommended Guideline range is surely relevant" to a sentencing decision **Gall v. United States, 128 S.Ct. 586, 591 (2007)**. Given this relevance, the sentencing court is free under **§3582(c)(2)** to consider the retroactive crack amendment in deciding, for example, whether the advisory sentence under the career offender guideline is "sufficient but not greater than necessary to satisfy the purposes of sentencing," now that the difference between that sentencing range and the non-career offender guideline sentencing range for the same crime is even greater than before.

## CONCLUSION

For these reasons, the Petitioner, prays that this Honorable Court will reject the Government's Opposition brief. The new cocaine base guidelines amendment is to be applied on a case-by-case basis, when applied retroactively. Petitioner has no disciplinary infractions in his eight years of being incarcerated, and has received numerous certificates for his participation in various educational courses. A careful review of petitioners rehabilitation, will strengthen his argument for relief. Petitioner is requesting a two level reduction, and any other relief this Honorable Court deems necessary.

Respectfully Submitted

Rodney Canada, Pro-se
Reg. No. 13948-014

Dated 4-25-08

## CERTIFICATE OF SERVICE

I Rodney Canada, under penalty of perjury, under Title 28 U.S.C. 1746, certify that on this _25, April 2008_ a true and correct copy of Petitioners Motion in Opposition to Governments Response and Order to Show Cause, pursuant to petitioners motion under **18 U.S.C.A. § 3582(c)(2)**, was sent with prepaid postage by United States First Class Mail to the Following:

1.    Assistant United States Attorney
      RAHUL KALE
      157 Church Street 23rd floor
      New Haven, Connecticut 06510


                              Respectfully Submitted,

                              _Rodney Canada, Pro-se_
                              Reg. No. 13948-014
                              FEDERAL CORRECTIONAL INSTITUTION
                              Post Office Box 2000 (East)
                              Fort Dix, New Jersey 08640

Date: _4-25-08_