UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:00CR169 (JCH) |
| | : | |
| RODNEY CANADA | : | July 2, 2008 |

**GOVERNMENT'S REPLY TO DEFENDANT'S**
**REQUEST FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

The defendant has moved for a reduction of sentence, under a creative, but flawed, reading of 18 U.S.C. § 3582(c) and the recent amendment to the crack guidelines. [Doc. 26]. Anticipating the defendant's motion, the Government had, by prior pleading, opposed the reduction of sentence. [Doc. 16]. The Government submits this brief reply to address additional arguments raised by the defendant's motion.

Requests for sentence reduction pursuant to 18 U.S.C. § 3582(c) and the revised 1B1.10 are limited to the specific circumstances authorized by the Sentencing Commission as warranting such a reduction. Those classified as career offenders under a straightforward application of the guidelines are not eligible for this reduction.

Here it is beyond dispute that the Government, the defendant, Probation Office and Court all agreed that the defendant was a career offender subject to a base offense level of 37 and a total offense level of 34 after credit for acceptance for responsibility.[1]   All also agreed that the

---

[1]  The plea agreement couldn't be more clear: "Because of his prior narcotics convictions, the parties agree that defendant is a career offender under the Sentencing Guidelines. U.S.S.G. § 4B1.1. Since the drug quantity is greater than 50 grams of a mixture including cocaine base, the statutory maximum of the offense of conviction is life imprisonment, making the defendant's applicable offense level under the career offender provisions a level 37. Subtracting three levels for acceptance of responsibility leaves defendant with a total offense level of 34. At a criminal history category of VI, the parties agree that defendant is facing a

defendant was at a criminal history category of VI with an applicable sentencing guidelines imprisonment range of 262 to 327 months.  The defendant subsequently sought a downward *departure* from the agreed upon sentencing range, asking the Court to treat him differently from other career offenders because his history was arguably overstated.  The Court ultimately departed to a sentence of 140 months.

     The defendant had his chance to appeal.  He did not.  Reductions in sentence post sentencing under 18 U.S.C. § 3582(c) are permitted only in circumstances "consistent with applicable policy statements issued by the Sentencing Commission." Id.  The Commission has expressly limited the circumstances for any reduction under 3582(c) as set forth in the new U.S.S.G. § 1B1.10.  The revised Section 1B1.10 guidelines make clear that a reduced sentence based on the crack amendment is only available if the new amendment "lowers the applicable guideline range." App. Note 1.  The amendment is inapplicable if it does not have "the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline* or statutory provision." Id. (emphasis added).  The career offender guideline is just such "another guideline."  The plea agreement and the PSR make clear that the parties based the applicable guidelines range on the career offender guidelines -- not 2D1.1, and the Court subsequently departed from that career offender guideline range.

     The defendant tries to ignore the express language of Application Note 1 of 1B1.10, by creatively suggesting that the term "applicable guidelines range" somehow refers to the ultimate sentencing range reached by the court *after* any departure, rather than the guidelines range reached by the methodical application of the guidelines before departure.  Such an interpretation

---

Guidelines sentencing range of 262-327 months." Plea Agreement at 3.

is at odds with the traditional application of the guidelines.  If the Sentencing Commission intended this novel interpretation it would have not used terms before plainly and clearly defined.  A departure for overstated criminal history -- the ground the Court adopted for downward departure in this case -- is defined in the very outset of the Guidelines to mean the assignment of a criminal history category in order to effect a "sentence outside *the applicable guideline range*."  1B1.1 Application Note 1(E)(ii) (emphasis added).   The Sentencing Commission thus plainly contemplated that the "applicable guideline range" to be the methodically derived range calculated *prior* to any departure for overstated or understated criminal history.

The Sentencing Commission's threshold requirement that there be a change in the original guidelines calculation before departure as a result of the crack amendments to justify sentence reduction is reinforced in 1B1.10.   1B1.10 and the Application Notes draw a clear distinction between the calculated "applicable guidelines range" and the ultimate sentence after a subsequent departure.   To receive a potential reduction for the crack amendment in a case with a downward departure, the Sentencing Commission *requires* there be an amended guidelines range from which to depart. 1B1.10(b)(2)(B).   Without an amended guidelines range, the threshold requirement for a reduction is not met.  Id. at (2).    Where, as here, the parties, the Probation Office, and the Court all agreed that the defendant was a career offender, there simply is no "amended" guidelines sentence from which to depart -- the career offender guidelines haven't been amended.  As 1B1.10 makes clear the court "shall leave all other guidelines application decisions unaffected."  Id. at (b)(1).  Where the original guidelines were calculated applying the career offender provisions, the Court thus must leave the guideline application unaffected.

3

The defendant plainly believes that this plain, literal application of the Guidelines is not fair. But the Sentencing Commission was more than able to assess under what circumstances a sentence reduction was warranted – particularly a circumstances as common as a career offender designation with a subsequent departure based on overstated criminal history. If the Commission chooses to change the express wording of its guidelines in the future, it is certainly able to do so. The recent amendment to 1B1.10 makes clear that the Commission did not want to permit a 3582 sentence reduction in crack cases where the career offender guidelines applied. Otherwise it would not have expressly clarified 1B1.10 Application Note 1, noting that amendments don't apply when the amendment doesn't have the effect of lowering the applicable guideline range "because of the operation of another guideline." This is the same Commission that in the last several years evaluated all the career offender cases and then revised the Guidelines to *prohibit* downward departures of more than one criminal history category, regardless of whether the underlying crime involved crack, marijuana or many other illegal drugs. 4A1.3(b)(3)(A). Under the facts of this case, if this defendant were sentenced now, the Commission would at best authorize a sentence of no less than 235 months, giving the defendant credit for the one level departure of his criminal history category (level 34, criminal history V), rather than the 140 month sentence he received based on alleged overstated criminal history. It is implausible to suggest that this same Commission would have intended the crack amendments to permit a far lower sentence in the narrow circumstances of a 3582 reduction for a career offender based on alleged overstated criminal history.

The cases relied on by the defendant ignore the deference that § 3582 requires the court give the Sentencing Commission and its policy statements to determine what cases justify the

special remedy of sentence reduction under § 3582 post-sentencing. Rather than undertaking a plain reading of 1B1.10 and the relevant advisory notes, the several district court cases pick and choose language from § 3582, divorcing the application of that statute from the express and unequivocal guidance given by the Sentencing Commission in 1B1.10 and its other policy statements. For the reasons discussed above, the Sentencing Commission has carefully limited those cases that would warrant post-sentencing relief. It is thus extremely difficult to understand how the requested reduction by this career offender "is consistent with applicable policy statements issued by the Sentencing Commission," a statutory requirement of 3582 to permit the requested relief.

## CONCLUSION

Because the new crack guidelines do not lower the calculated applicable guidelines for a career offender, the defendant is not entitled to is not entitled to a sentence reduction under 18 U.S.C. § 3582(c) and 1B1.10.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

/s/

CHRISTOPHER W. SCHMEISSER
SENIOR LITIGATION COUNSEL
Federal Bar No. CT14806
157 Church Street, 23rd Floor
New Haven, CT  06510
Tel.: (203) 821-3754
Fax: (203) 773-5378
christopher.schmeisser@usdoj.gov

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 2st day of July, 2008, I caused a copy of the foregoing to be filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                /s/
                CHRISTOPHER W. SCHMEISSER
                SENIOR LITIGATION COUNSEL