**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------------------------------x
                                                       :
UNITED STATES OF AMERICA          :     Case No. 3:00CR00169(JCH)
                                                       :
v.                                                     :
                                                       :
RODNEY CANADA                      :     August 1, 2008
                                                       :
-------------------------------------------------------x
```

**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**MOTION FOR REDUCTION IN SENTENCE**

The defendant, Rodney Canada, submits this memorandum through counsel in reply to

the memorandum filed by the Government.[1]  [Doc. # 27]

The flaw in the Government's argument is evidenced by a statement in the very first page

of the Government's memorandum: "Those classified as career offenders under a straightforward

application of the guidelines are not eligible for this reduction."  Gov't Memo. 7/2/2008 at 1.

That assertion may or may not be correct.[2]  But Mr. Canada was not sentenced as a career

offender under a "straightforward application" of the career offender Guideline.  To the contrary,

at sentencing, the Court departed downward to offense level 29 and Criminal History Category

("CHC") V – that is, to the offense level and CHC applicable to the defendant without regard to

the career offender provision – and imposed a term of imprisonment of 140 months, the bottom

---

[1] The defendant also brings to the Court's attention a recent decision granting a reduction in sentence to a defendant in Mr. Canada's position.  See United States v. Clark, 2008 WL 2705215 (W.D. Pa. July 7, 2008).

[2] Undersigned counsel does not agree with the Government's assertion.  However, because this case clearly falls outside the heartland of career offender cases, the question of whether a defendant sentenced *within* the Guidelines range dictated by the career offender provision – without any departures – qualifies for a reduction under the 2007 amendments is not presented here and will not be addressed.

of that Guidelines range.  As the Government's memo accurately states, the Court decided to

"treat him differently from other career offenders[.]"  Gov't Memo. 7/2/2008 at 2.

The Government contends that the "applicable guidelines range" can only mean the first

range arrived at when the Court has determined the defendant's base offense level and Criminal

History Category.  It is hard to understand how the Government could claim that the guideline

range that was actually <u>applied</u> is not the "applicable guideline range."  When interpreting a law,

a court must begin with the plain meaning of the words used, and may refer to dictionary

definitions for support.  <u>See</u>, <u>e.g.</u>, <u>Norfolk S. Ry. Co. v. Kirby</u>, 543 U.S. 14, 31-32 (2004)

(quoting dictionary definition to find plain meaning of term); <u>Amer. Textile Mfrs. Inst., Inc. v.</u>

<u>Donovan</u>, 452 U.S. 490, 508 (1981) (same).

There is no definition of the phrase "applicable guideline range" provided by the relevant

statutes.  "We therefore consider the ordinary, common-sense meaning of the words."  <u>United</u>

<u>States v. Dauray</u>, 215 F.3d 257, 260 (2d Cir. 2000) (consulting dictionary definitions to

determine the ordinary meaning of words).  Merriam-Webster defines "applicable" as "capable of

or suitable for being applied; appropriate."[3]  The Oxford English Dictionary defines "applicable"

as "capable of being applied or put to use; having reference to."[4]  The American Heritage

Dictionary defines "applicable" as "that can be applied; relevant or appropriate."[5]  **The plain,**

---

[3] <u>See</u> <a href="http://www.merriam-webster.com/dictionary/applicable">applicable</a>

[4] <u>See</u>
http://dictionary.oed.com/cgi/entry/50010778?single=1&query_type=word&queryword=applicab
le&first=1&max_to_show=10

[5] <u>See</u>
http://www.bartleby.com/cgi-bin/texis/webinator/ahdsearch?search_type=enty&query=applicable
&db=ahd&Submit=Search

**common sense meaning of the phrase "applicable guideline range" is a guideline range that can be applied.** In this case, the defendant contends that the applicable guideline range is the range that <u>was</u> applied, and that range was based on § 2D1.1 of the Guidelines Manual.

Another flaw in the Government's argument is that it skips over § 4A1.3 in order to reach § 4B1.1, and altogether ignores Chapters 5, 6, 7, and 8 of the Guidelines Manual. Chapter 5 is entitled "Determining the Sentence." Significantly, within Chapter 5 is Part K, "Departures." Departures and adjustments under Chapters 4 and 5 of the Guidelines are part of the calculations made in arriving at the "applicable Guidelines range." The Court cannot "determine the sentence" without reference to these provisions. The claim that the "applicable guideline range" is determined by a sentencing court without considering § 4A1.3 or any part of Chapter 5 is simply untenable.

In fact, <u>both</u> the § 4A1.3 departure for overstatement of criminal history and the § 4B1.1 enhancement for career offender status are treated by the Guidelines and the Courts as replacements for the <u>otherwise</u> applicable guideline range. <u>See</u>, <u>e.g.</u>, U.S.S.G. § 4A1.3 (allowing the Court to depart "from the otherwise applicable guideline range"); <u>United States v. Sherpa</u>, 265 F.3d 144, 148 (2d Cir. 2001) (discussing "a downward departure below the otherwise applicable Guidelines" under § 4A1.3); U.S.S.G. § 4B1.1(c)(2)(A) (referring to the "otherwise applicable guideline range"); U.S.S.G. § 4B1.1(b) (providing that the career offender provisions apply only when the § 4B1.1 offense level exceeds "the offense level otherwise applicable"); <u>Damerville v. United States</u>, 197 F.3d 287, 288 (7th Cir. 1999) (noting that "application of § 4B1.1 increased Damerville's sentencing range from 10 to 16 months under the otherwise-applicable guidelines, to 77 to 96 months under the career offender guideline").

A Tenth Circuit opinion regarding a departure under § 4A1.3 is instructive in thinking about the various "applicable guideline ranges" in a career offender case:

> Here, the district court was explicit in its method of departure; it applied a sentence within the range that would have applied without the career offender enhancement. The court did so because it found that under the facts of this case, the career offender enhancement significantly overstated Collins's criminal past and likely criminal future and that a sentence within the range applicable without the career offender enhancement adequately reflected Collins's situation. We have previously held that a one-step departure out of the career offender category and application of a sentence within the otherwise applicable range is a reasonable means of departure.

United States v. Collins, 122 F.3d 1297, 1309 (10th Cir. 1997) (superseded on other grounds) (internal citation omitted; all emphases added).

The language of the Guidelines itself thus makes plain that **in any given case there can be more than one "applicable guideline range."** In order to sentence the defendant to either the career offender range of 262 to 327 months or the 2D1.1 range of 140 to 175 months, the Court had to set aside an "otherwise applicable guideline range." To apply the career offender guideline, the Court would have to set aside the "otherwise applicable guideline range" suggested by § 2D1.1. To properly account for the fact that the defendant's criminal history was overstated by application of the career offender guideline, the Court would have to set aside the "otherwise applicable guideline range" suggested by § 4B1.1.

The final range arrived at after consideration of all provisions of the Guidelines Manual was 140 to 175 months and that was the range that was applied.[6] **That range – found by this**

---

[6] The Government claims that Mr. Canada's failure to appeal his sentence weighs against him in determining his eligibility for resentencing. See Gov't Memo 7/2/2008 at 2. Mr. Canada did not appeal because his sentence was based legally and appropriately on the guidelines then applicable to crack cocaine offenses. Those guidelines have now changed, and Mr. Canada is entitled to the benefit of the change. It is noteworthy, in light of the Government's belief that failure to appeal is relevant here, that the Government did not appeal the Court's determination

**Court to be the applicable guideline range – was reached by applying the offense level set**

**forth in § 2D1.1.**  That range has now been lowered.  Mr. Canada is eligible to be resentenced to

a term of imprisonment within the new applicable guideline range of 120 to 140 months.

<div style="margin-left: 40%;">

Respectfully submitted,

The Defendant,
Rodney Canada

Thomas G. Dennis
Federal Defender

</div>

Dated: August 1, 2008                _____/s/_____

<div style="margin-left: 40%;">

Sarah A. L. Merriam
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT   06510
Bar No. ct25379
Phone: 203-498-4200
Fax: 203-498-4207
Email: sarah_merriam@fd.org

</div>

<div style="text-align: center;">

**CERTIFICATE OF SERVICE**

</div>

I HEREBY CERTIFY that on August 1, 2008, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

<div style="margin-left: 40%;">

_____/s/_____
Sarah A. L. Merriam

</div>

---

that the appropriate and applicable guideline range for Mr. Canada was 140 to 175 months.  Had the Government felt that the guideline range applied by the Court – the range suggested by Offense Level 29 and CHC V and based on § 2D1.1 of the Guidelines – was not the properly "applicable guideline range," it could have appealed that decision.